---

CULLINS v. LEE AND PARKER.

Court of Chancery have power to set aside all judgments rendered on bonds, given for a gaming consideration.   (Note a.)

APPEAL in Chancery from the Chariton Circuit Court.

M'GIRK, C: J., delivered the opinion of the Court.

By the record, it appears that a bond was given by Collins, the appellee, for about $100, to Parker, one of the appellants ; that afterwards, the bond was assigned to Lee, the intestate of the other appellant; that Lee brought suit on said bond, against Collins, and that judgment was rendered against him ; that he took a writ of error to this Court, and reversed the same.   The record further shows that the cause was remanded for a new trial ; was tried over again, and judgment for Lee was again rendered, for the $100 and costs ; and that before the first judgment was reversed, execution issued thereon, and the plaintiff's bill alledges $63 were made thereon.    Collins then brought a bill in Chancery, to be released from the balance of the judgment praying the same may be perpetually enjoined, and praying to have the $63 refunded to him by Lee's administratrix ; alledging, in the bill, that the bond on which the judgment was rendered, was given to secure the payment of the $100 mentioned in it, which was won of him by Parker at certain games at cards, contrary to the statute of this State.   The answer of Parker admits the money was won by gambling ; the answer of the administratrix admits the bond and the judgment, but does not admit

Collins *v.* Lee and Parker.

the amount of the judgment; admits the execution on the first judgment, and admits something was made on it; admits the reversal of the first judgment, &c., and says that as to the gambling, she heard the intestate say that the bond was given for money (17) won at gaming, and insists that she does not know the facts to be so, and insists that Collins shall be bound to prove it.

Upon bill and answer, the cause was set down for hearing, and the Court decreed a perpetual injunction to all except the $63, and as to that, decreed that it should be refunded by the administratrix to Collins; and as to Parker, the Court decreed that he should pay the amount of the judgment, costs, &c., to the administratrix; from which decree the administratrix and Parker appealed to this Court.

The first error alledged and insisted on, is, that a Court of Chancery has no power to grant relief, because the party should have defended himself at law; and having failed to do so, cannot now do it; secondly, the answer does not sufficiently admit the gambling consideration; and thirdly, that as to the $63 collected, the answer does not admit the amount therefor, so as to give a decree for that amount. We will examine the points in order: as to the first point, the statute regulating Chancery practice, is relied on, which says, that in all cases where adequate relief cannot be had in the ordinary course of proceeding at law, the several Courts shall have power to proceed according to the rules in equity, &c. It is contended, these words nega- tive the power to proceed in Chancery, where the party has or might have had a remedy at law.

This appears to be true in general, but it is contended on the other hand, that though this may be true, yet the power of the Chancery Court to proceed in this case is given by the gaming act, the first section of which says, that all moneys, notes, bonds, judgments, &c., made, given, granted, &c., where the whole or any part of the consideration thereof, shall be for any money won by gaming, or playing at cards, dice, or any other game, shall be void and of no effect. The second section provides that all judgments, mortgages, assurances, bonds, notes, bills, specialties, promises, covenants, agreements, or other acts, deeds, securities, or conveyances, given, granted, drawn, or executed, contrary to the provisions of this act, may be set aside and va- cated by any Court of Equity, upon bill filed for that purpose by the person so grant- ing, giving, entering into or executing the same, &c., and then says, or if a judgment, the same may be set aside on motion, &c. We hold this second section gives the power to Courts of Chancery to set judgments aside, which were rendered on bonds the consideration of which was money won at cards, notwithstanding the act re- (18) specting Chancery practice. The two acts are in *pari materia,* and to be taken as if they were but one act; and if this were the case in fact, as well as in law, then there would be no difficulty. It then appears, that that part which limits the Chan- cery jurisdiction to cases where adequate relief cannot be had at law, is intended to be the general rule, but that part which respects the relief in gambling cases, is in- tended in those instances to be, and is in fact, an enlargement of the general rule; and in this way, the two parts can stand together. It is objected on the part of the appellants, that the second section, of the gaming act, only applies to cases where judgments have been confessed, otherwise, where there is a bond given, the defend- ant, or maker of the bond, would have three remedies: first, a defence at law when sued on the bond; secondly, a remedy in Chancery; and thirdly, a remedy by setting the judgment aside when obtained, on motion.

Collins *v.* Lee and Parker.

It is clear that a judgment obtained on a gambling consideration, may be set aside on motion. *It is most probable,* that when this section was framed, it was originally framed without that part which says, " or if a judgment, then the same may be set aside on motion," and that this part was added by way of amendment, without due consideration of its phraseology ; but still I think it is intelligible, and that the Legislature intended by this latter provision, to provide for the setting aside judgments confessed on gambling considerations. But if this mode of setting aside judgments extends *to all judgments,* no great violence would be done to the intent of the Legislature ; for above all things they appear to have been solicitous, that no one should receive any benefit from a gambling transaction. But whether or not a judgment confessed, or one obtained by due course of law, can be set aside, it is time enough to consider when the question arises ; one thing is satisfactorily certain, that all judgments however obtained, may be attacked and vacated in Chancery, by the very terms of the statute. This may be done, and nothing would be doubtful about the matter, if it were not for the latter clause of this second section ; upon the whole matter, this point is ruled for the appellee.

The next point is, does the answer admit sufficiently that the bond was given for a gambling consideration ? I think it does. It is true the answer says the administratrix does not know the fact, and insists it shall be proved. This, I conceive, is proved sufficiently, notwithstanding the demand for farther proof ; for the an- (19) swer admits the intestate did say that the bond was so obtained ; the administratrix does not alledge that she believes the fact to be otherwise, or that she expects or hopes to prove otherwise ; but simply says she does not know, and demands that it shall be proved. This point is also ruled for the appellee. The next matter of error, is, that the Court ordered the $63 to be repaid. This point is ruled for the appellant, because the answer no where admits that was the amount.

The Court could not, therefore, assume $63 to be the amount ; nor could they, on this evidence, decree for any sum. This point is ruled for the appellants. The decree as to the $63 is reversed ; as to that part which decrees a perpetual injunction, it is affirmed, and the appellee pay the costs of this appeal. The cause is remanded for further proceedings.

TOMPKINS, J., dissenting:.

I do not think the answer sufficiently admits the bond to have been given for a gambling consideration ; in every other matter, I agree with the other Judges.

(*a.*) See contra, Wilkerson *v.* Whitney, 7 Mo. R., 295.